

**FILED & ENTERED**

NOV 09 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>RAEISI GROUP, INC.,<br><br>                    Debtor. | Case No. 2:18-bk-12224-RK<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION TO STAY PENDING APPEAL, ECF 213, AND ABSTAINING FROM DETERMINING DEBTOR'S OBJECTION TO CLAIM NO. 4 BY U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2014-1, ECF 115**<br><br><u>Vacated Hearing Date</u><br>Date:     November 10, 2020<br>Time:    11:00 a.m. |

TO DEBTOR RAEISI GROUP, INC., CREDITOR U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2014-1, AND THEIR COUNSEL OF RECORD:

     Pending before the court is the motion of Debtor Raeisi Group., Inc., to stay bankruptcy court proceedings pending resolution of its appeal in *Raeisi Group, Inc. v.*

*Velocity Commercial Capital, LLC, et al.* (California Second District Court of Appeal, No. B293744) (the "Stay Motion"). The Stay Motion was filed on October 7, 2020 as Docket Number 213 and was directed at the trial on Debtor's Objection to Claim No. 4 by U.S. Bank National Association as Trustee for Velocity Commercial Capital Loan Trust 2014-1, Docket Number 115 (the "Claim Objection"), then scheduled for October 29, 2020 at 9:00 a.m.

Having considered the Stay Motion and the written opposition filed by Creditor U.S. Bank National Association as Trustee for Velocity Commercial Capital Loan Trust 2014-1, Docket Number 216, filed on October 14, 2020, the court filed and entered an order on October 22, 2020, Docket Number 218, setting forth its tentative ruling on Debtor's Stay Motion. The court's tentative ruling on the Stay Motion stated that in addition to a request for a stay, the court construed Debtor's motion as requesting the court to abstain on ruling on the Claim Objection so the state appellate court could decide Debtor's pending appeal. The court's order and tentative ruling on the Stay Motion requested further briefing from the parties and continued the hearing on the motion to November 10, 2020.

Having considered Debtor's briefing on abstention in support of the court's tentative ruling, Docket Number 220, and the written statement of non-opposition to the court's tentative ruling of creditor U.S. Bank National Association as Trustee for Velocity Commercial Capital Loan Trust 2014-1, Docket Number 221, the court rules and adopts its tentative ruling set forth in its prior order, Docket Number 218, which is reincorporated as follows:

The court will grant Debtor's motion for stay, which the court interprets as a request for the bankruptcy court to abstain from determining the reasonableness of Creditor's attorneys' fees and validity of the claim for attorneys' fees under state law in Debtor's objection to the claim of the Creditor, Docket Number 115, pursuant to statutory permissive abstention under 28 U.S.C. § 1334(c)(1) and nonstatutory abstention under *Colorado River Water Conservation District v. United States*, 424 U.S.

800 (1976). The factors that the court has considered for permissive abstention are set forth in *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990): 1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention (favoring abstention for lack of effect on efficient administration of the estate), (2) the extent to which state law issues predominate over bankruptcy issues (favoring abstention because, although determining Creditor's claim is a bankruptcy issue, the validity of Creditor's claim for fees and the reasonableness of the fees is governed by state law), (3) the difficulty or unsettled nature of the applicable law (neutral since the applicable law is not difficult or unsettled), (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court (favoring abstention because there is a pending state court appeal and the request for attorney fees was initially brought before the state court), (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334 (not favoring abstention since the allowance or disallowance of claims against the estate is a core proceeding, 28 U.S.C. § 157(b)(2)(B)), (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case (favoring abstention since a plan has been confirmed, Debtor has received its discharge, and the main bankruptcy case is effectively completed as all plan payments have been made and all terms of the plan have been complied with, and the remaining dispute in this case is whether the creditor was overpaid on its claim), (7) the substance rather than form of an asserted "core" proceeding (favoring abstention because the underlying issue of Creditor's right to reasonable attorneys' fees is a noncore proceeding involving California law, *Butner v. United States*, 440 U.S. 48, 55 (1979)), (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court (favoring abstention because the attorneys' fees issue can be determined by the state court in conjunction with Debtor's state court appeal and no bankruptcy issues are left to be resolved), (9) the burden of [the bankruptcy court's] docket (favoring abstention because there are no issues left to be resolved on the bankruptcy court's docket in this case, so it would be

more efficient to resolve the attorneys' fees dispute in the state court proceedings), (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties (this factor is neutral as the court makes no determination of forum shopping), (11) the existence of a right to a jury trial (not favoring abstention since attorneys' fee determinations are equitable proceedings and the right to trial by jury does not apply, *United States Fid. & Guar. Co. v. Superior Court*, 204 Cal.App.3d 1513, 1530 (1988)), and (12) the presence in the proceeding of nondebtor parties (not favoring abstention since the only parties to the dispute are before the court). Based on the significant presence of factors favoring abstention, the court exercises permissive abstention as to Debtor's objection to Creditor's request for attorney fees in its claim before this bankruptcy court.

The court also exercises nonstatutory *Colorado River* abstention as the factors for such abstention favor abstention because: (1) state law provides the rule of decision on the merits; (2) the state court proceeding is adequate to protect the parties' rights; and (3) the state court obtained and exercised jurisdiction first as the state court ruled on Creditor's demurrers and deferred ruling on the attorneys' fees issue before the dispute came before the bankruptcy court. *In re Bellucci*, 119 B.R. 763, 775-776 (Bankr. E.D. Cal. 1990) (citations omitted). "Under the Colorado River doctrine, a federal trial court has discretion in 'exceptional circumstances' and despite the general obligation to exercise jurisdiction, to stay or dismiss an action for reasons of wise judicial administration solely because of parallel litigation in state court." *Id.* at 775 (citations omitted).

Thus, the court abstains from hearing Debtor's objection to Creditor's request for attorney fees in its claim filed with this court, and Debtor may move to close this bankruptcy case as Debtor has paid all creditors pursuant to the Plan and received its discharge. This bankruptcy court retains jurisdiction over Debtor's Claim Objection pursuant to the provisions of the confirmed plan of reorganization, and either party may move to reopen the bankruptcy case once it has been closed to resolve the present

dispute, should the parties be unable to resolve the attorneys' fees dispute before the state courts.

In light of this ruling, the court determines that oral argument on Debtor's Stay Motion is unnecessary at the further hearing scheduled for November 10, 2020, and the court exercises its discretion to dispense with it pursuant to Local Bankruptcy Rule 9013-1(j)(3) and vacates the further hearing on the motion scheduled for November 10, 2020. No appearances are required on November 10, 2020.

IT IS SO ORDERED.

###

Date: November 9, 2020

_____
Robert Kwan
United States Bankruptcy Judge